

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:KAN/LM:CSK
F#2003V01567/2003R00684                    *271 Cadman Plaza East*
                                            *Brooklyn, New York  11201*

February 7, 2011

<u>Via ECF and By Hand</u>

The Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  <u>United States v. Zakay Sasson and Ezra Sasson</u>
          Criminal Action No. CR 03-489 (ERK)

Dear Judge Korman:

      The United States respectfully submits this letter in opposition to the undocketed, post-sentencing letter, dated January 19, 2011, submitted by defense counsel in connection with the $12 million forfeiture money judgment ("Defendants' letter"). Defendants' letter, without citing to any legal authority, states, "I intend to move to vacate the Order of Forfeiture and reduce it to a more correct amount." This appears to be premised upon defendants' representations that they lack funds to pay the forfeiture.

      There is no legal basis for any such motion. Indeed, the Second Circuit has made clear that any such motion is without legal merit. <u>United States v. Awad</u>, 598 F.2d 76 (2d Cir. 2010)("We join our sister courts of appeal in holding that [21 U.S.C.] § 853 permits imposition of a money judgment on a defendant who possesses no assets at the time of sentencing.") (citations therein omitted).

      Furthermore, in this case, any attempt by defendants' to seek a reduction of the Order of Forfeiture that has already been agreed to and entered by the Court is particularly spurious. Over five years ago, on March 31, 2005 (following jury selection in the anticipated criminal trial), each of the individual defendants, Ezra Sasson and Zakay Sasson, pursuant to plea agreements, pled guilty to money laundering conspiracy, 18 U.S.C. § 1956(h), and as part of each of their plea agreements, agreed to forfeit $12 million. On April 8, 2005, the Court entered an

Order of Forfeiture in the amount of $12 million.  Moreover, at the December 21, 2010 sentencings, as a condition of each of the defendants' three years of supervised release, the defendants were directed, <u>inter alia</u>, to comply with and make payments towards the Order of Forfeiture.[1]

In short, under Second Circuit law and notwithstanding any representations in Defendants' letter, the United States respectfully submits that the Court should proceeds to enter the Judgment and Conviction against each of the defendants, including the $12 million Order of Forfeiture already so ordered by the Court.

                                              Respectfully submitted,

                                              LORETTA E. LYNCH
                                              United States Attorney
                                              Eastern District of New York

                             By: __/s/_____
                                Claire S. Kedeshian
                                Assistant U.S. Attorney
                                (718) 254-6051

cc: (via ECF)

    Donald I. Bierman, Esq.
    Soohat & Sale
    800 Brickell Avenue
    Miami, Florida 33131

    Tanisha Payne, AUSA Criminal Division, EDNY

    U.S. Department of Probation, SDFla
    400 North Miami Avenue 9th Floor South
    Miami, Florida 33128
    Att: Steven Aasterud, U.S. Probation Officer

---

[1] Defendants' were each sentenced to a term of imprisonment of "time served," however, it should be clear that neither ever been incarcerated in connection with their crimes.